IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

CURTIS LEE WATSON,

                Plaintiff,

  vs.                                    No. CIV 00-548 BB/LFG

CORRECTIONS CORPORATION OF
AMERICA,

                Defendant.

## MEMORANDUM OPINION AND ORDER

THIS MATTER comes before the Court on Plaintiff's  Motion for Temporary Restraining Order [Doc. 7], Motion for Emergency Injunctive Relief [Doc. 11], and Motion for Order Providing a Non-Smoking Environment [Doc. 12].  Defendant has filed its Response [Doc. 13].  For the reasons given below, the motions will be denied.

Plaintiff Curtis Lee Watson ("Watson") is a prisoner proceeding pro se.  He is currently incarcerated at the Torrance County Detention Facility ("TCDF") in Estancia, New Mexico.  He has filed an action under 28 U.S.C. § 1983 on behalf of himself and nine other named plaintiffs, seeking to have certified a class of all inmates confined in all of the Corrections Corporation of America ("CCA") facilities in the United States, allegedly injured by CCA's distribution and sale of unlicensed and unregistered tobacco products for use by prison inmates, and by CCA's failure to provide a smoke-free environment within the prison.

Watson alleges that he and the other plaintiffs will suffer "immediate and irreparable injury" unless injunctive relief is granted. His pleadings are not entirely clear, but it appears that Watson is requesting that the Court order CCA to establish non-smoking units within TCDF, to cease dispensing "an unregistered, unlicensed tobacco product" in interstate commerce, and to cease selling such tobacco products to inmates.

CCA has been served with process and has entered an appearance through counsel, but it has not yet filed its Answer. In response to Watson's motions, CCA contends that Plaintiff has failed to assert legal or factual support for injunctive relief. The Court agrees.

Watson's motions variously seek a temporary restraining order or a preliminary injunction. The standards are the same, under F. R. Civ. P. 65, for issuance of either form of relief. Duvall v. Keating, 162 F.3d 1058, 1062 (10th Cir. 1998), *cert. denied*, 525 U.S. 1061, 119 S. Ct. 633 (1998). Under those standards, the party seeking injunctive relief must show: (1) a substantial likelihood of prevailing on the merits; (2) irreparable harm in absence of an injunction; (3) proof that the threatened harm outweighs any damage the injunction may cause to the party opposing it; and (4) that the injunction, if issued, will not be adverse to the public interest. Kansas Health Care Ass'n, Inc. v. Kansas Dep't of Social and Rehabilitative Serv., 31 F.3d 1536, 1542-43 (10th Cir. 1994). "Because a preliminary injunction is an extraordinary remedy, the right to relief must be clear and unequivocal." Id., at 1543 (internal punctuation omitted).

A preliminary injunction is an equitable remedy that invokes the sound discretion of the district court. Lundgrin v.Claytor, 619 F.2d 61, 63 (10th Cir.1980). The burden is on the movant to make a prima facie showing of probable right to ultimate relief, and probable danger of injury if the motion is denied. Id. The primary purpose of a preliminary injunction is to preserve the status

2

quo pending the outcome of the case, Id.  In issuing a preliminary injunction, a court is attempting

to preserve the power to render a final decision on the merits.  Tri-State Generation & Transmission

Ass'n v. Shoshone River Power, Inc., 805 F.2d 351, 355 (10th Cir. 1986).  If it appears that

"Plaintiffs did not seek to maintain the status quo pending a determination on the merits, but sought

to use the preliminary injunction as a vehicle to effect the remedies sought in the complaint," a motion

for preliminary injunction should be denied.  Broadnax v. U.S. Parole Comm'n, 116 F.3d 489 (Table,

text in Westlaw), No. 96-6161, 1997 WL 346042, at *1 (10th Cir. June 24, 1997).

In addition, preliminary injunctive relief in civil actions with respect to prison conditions  must

be narrowly drawn, extend no further than necessary to correct any harm found by the Court, and be

the least intrusive means necessary to correct that harm.   18 U.S.C. § 3626(a)(2); Singer v.

Wackenhut Corrections Corp, No. Civ. 99-1091 PK/RLP, slip op. at 5 (D.N.M. March 14, 2000)

(applicability of § 3626 to privately-run prisons).

Watson's conclusory statements as presented in his complaint, amended complaint, and

motions, do not provide an adequate basis for issuance of injunctive relief.  He not alleged facts

sufficient to establish any of the four grounds which are prerequisite to injunctive relief, nor can the

Court assure itself, on the basis of Watson's showing, that any relief it might fashion at this stage of

the litigation would satisfy the requirements of § 3626.

A prisoner may state a cause of action under the Eighth Amendment by alleging that prison

officials have, with deliberate indifference, exposed him to levels of environmental tobacco smoke

(ETS) that pose an unreasonable risk of serious damage to his future health.  Helling v. McKinney,

509 U.S. 25, 36, 113 S. Ct. 2475, 2481 (1993).  To recover under such a cause of action, the

prisoner must prove both the subjective and objective elements of an Eighth Amendment claim; that

3

is, he must show that he is himself being exposed to unreasonably high levels of ETS, and that prison authorities have ignored the possible dangers posed by exposure to ETS in that, *e.g.*, non-smoking inmates are placed in cells with heavy smokers, or that officials have not adopted or have failed to enforce a formal smoking policy which would minimize the risk to non-smokers. Id., 509 U.S. at 36-37.  A prisoner, however, "is not entitled to a completely smoke-free correctional facility." Barry v. Wilson, 91 F.3d 159 (Table, text in Westlaw), No. 95-1419, 1996 WL 366217, at *2 (10th Cir. July 2, 1996).

It may be that Watson will be able to make the necessary showings, once CCA has had a chance to file its Answer and the litigation proceeds.  At present, Watson has presented only conclusory allegations, falling well short of the necessary "clear and unequivocal" showing that there is a substantial likelihood that he will prevail, that he and other inmates will be irreparably harmed unless an immediate injunction issues, that the threatened harm outweighs any damage to the opposing party, and that the public interest will be served by an injunction.  In addition, it appears that Watson is seeking to "use the preliminary injunction as a vehicle to effect the remedies sought in the complaint."  The Court finds that preliminary injunctive relief is neither required nor appropriate at this time.

IT IS THEREFORE ORDERED that Plaintiff's Motion for Temporary Restraining Order [Doc. 7], Motion for Emergency Injunctive Relief [Doc. 11], and Motion for Order Providing a Non-Smoking Environment [Doc. 12], are DENIED.

_____
UNITED STATES DISTRICT JUDGE